## COMMISSIONER OF INTERNAL REVENUE v. RAY.*

### No. 6014.

Circuit Court of Appeals, Seventh Circuit.

Feb. 11, 1937.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to the Atty. Gen., for petitioner.

George E. H. Goodner, of Washington, D. C., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

The Commissioner appeals from the Board's award of a deficiency of $4,057.73 instead of $9,127.37 for the year 1928. Controversy arises over the Commissioner's right to amend his claim to conform to the findings of the Board.

The Facts. In 1926, taxpayer received a note for $25,000 payable in a year, and in 1928, a piece of realty valued at $70,-000. The maker of the note and the grantor in the deed was a neighbor to whom

*Writ of certiorari denied 57 S.Ct. 942, 81 L.Ed. ——.

taxpayer had frequently given advice. The Board determined, upon evidence which supported such a finding, that the property thus received was compensation for services rendered and not gifts.

The Commissioner based his deficiency award on the theory that income to the extent of $25,000 was received in 1926 as evidenced by the note, and $45,000 in 1928 —the difference between the value of the realty and the face of the note, which had not been paid. The conveyance of the land worth $70,000 was received as payment of the note, as well as for additional services. The Board held that inasmuch as taxpayer was on the cash receipts and disbursement basis the note did not represent income for the year in which it was received (to-wit, 1926), but was income for the year in which paid—1928. The Board sustained the Commissioner as to the inclusion of $45,000 in the 1928 income and upheld his determination of a $4,057.73 deficiency for that year.

As the note was paid in 1928, the Board held it also was income in 1928, but refused to include it in the deficiency award because the Commissioner's claim was not so drawn as to permit of its inclusion in the year 1928.

The applicable statute reads:

Section 272(e), Revenue Act, 1928. "Increase of deficiency after notice mailed. The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount, or addition to the tax should be assessed—if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing." 26 U. S.C.A. § 272(e) and note.

The pertinent articles of the Rules of Practice are:

"Rule 17. The petitioner may, as of course, amend his petition at any time before answer is filed. After answer is filed, a petition may be amended only by consent of the Commissioner or on leave of the Board.

"Upon motion made, the Board may, in its discretion, at any time before the conclusion of the hearing, permit a party to a proceeding to amend the pleadings to conform to the proof. All motions to amend, made prior to the hearing, must be accompanied by the proposed amend-

ments or amended pleading. When motions to amend are granted at the hearing, the amendment or amended pleading shall be filed at the hearing or with the Board within such time as may be fixed.

"Rule 50. When the Board determines the issues in any proceeding and withholds decisions of the deficiency or overpayment for later computation, the parties shall, if they are in agreement * * *. If the parties are not in agreement as to the amount to be entered in the decision, either of them may file with the Board a computation of the deficiency or overpayment believed by him to be in accordance with the report of the Board. The clerk will serve a copy thereof upon the opposite party and will thereupon place the matter upon the day calendar for hearing in due course and give the usual notice. If the opposite party fails to file objection, accompanied by an alternative computation * * *. If the parties submit different computations and amounts, they will be afforded an opportunity to be heard thereon on the date fixed, and the Board will determine the correct deficiency or overpayment and enter its decision.

"Any hearing under this rule will be confined to the consideration of the correct computation of the deficiency or over payment resulting from the report already made, and no argument will be heard upon or consideration given to the issues or matters already disposed of by such report or of any new issues. This rule is not to be regarded as affording an opportunity for rehearing or reconsideration."

What construction should be given the words appearing in subsection (e) of section 272 (26 U.S.C.A. § 272(e) and note), "if claim therefor is asserted by the Commissioner *at or before the hearing or a rehearing*"?

After the Board made its finding that the $25,000 was income in 1928 instead of 1926, the Commissioner made a motion in the form of a petition for rehearing before the Board to have such sum included in determining the 1928 deficiency and to abandon his claim of deficiency for 1926. On behalf of the respondent it is claimed that the attempt to increase the deficiency assessment for 1928 came too late.

It is evidently the practice before the Board not to enter its order or decree when the findings of fact and opinion are filed, but to give both parties opportunity and time to criticize the same by filing petition for rehearing or for modification (a wise practice), and later to make computation of the amount of taxes due, based upon the Board's findings. In the instant case, immediately after the decision of the determinative question of fact (gift versus compensation for services), the Commissioner made a motion which he called a "motion for rehearing and claim for increased deficiency for 1928."

There is no reason why the Board should not be as liberal in allowing amendments to claims as courts are in allowing amendments to pleadings. The statute fixes the time limit within which the claim may be asserted,—"at or before the hearing or a rehearing." The Commissioner was within the time thus fixed.

However, there is question as to the Commissioner's right to introduce a new claim under the guise of amending his claim. We need not consider the extent to which the Commissioner may go in any case for we are satisfied he was, in the instant case, within his rights in correcting the claim to conform to the findings of the Board. The Commissioner made no new or different claim. He had asserted that $25,000 was taxable income, and the value of the land over the amount due on the note was also taxable income. The taxpayer had met these contentions squarely. He denied that either sum was taxable income because both were gifts. The Board found neither was a gift; both should be included in taxpayer's taxable income. It also decided that the $25,000 represented by the note given in 1926 was income for the year 1928, when it was paid. It was not income for the year 1926 when the note was given. The Commissioner acquiesced in this ruling and asked that its claim be amended so as to add the amount of $25,000 to the pending $45,000 for the year 1928 and to dismiss his claim for a deficiency for the year 1926. This amendment should have been allowed. Chicago Railway Equipment Co. v. Blair (C.C.A.) 20 F.(2d) 10; Helvering v. Edison Securities Corp. (C.C.A.) 78 F.(2d) 85.

We need not consider what would be the result if there had been no claim made on the $25,000 note, or there had been no claim for the 1928 deficiency based upon the conveyance of the land. Both facts are present in the case before us and we are merely deciding this case.

There is confirmation of this conclusion in the Rules of Practice of the Board

which govern computation *after* the Board has filed its findings and opinion. Until the liability is determined neither taxpayer nor Commissioner is in a position to make a computation. The hearing is not completed until these computations are made and approved by the Board. In the instant case the item of the $25,000 note was one of the bases of the Commissioner's claim. Its inclusion in income was disputed on the ground that it was a gift, but the assertion of a claim by the Commissioner based on this precise $25,000 item was before the Board. After the Board's decision its inclusion in the 1928 income was a matter of computation under the Rules. It was not a new claim although allowed by the Board as part of the income for a year other than that claimed by the Commissioner.

The order of the Board of Tax Appeals is reversed with directions to proceed in accordance with the views here expressed.