COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

ESTATE of Robert Louis LONG, a Minor, by Louis F. Long, His Guardian, Respondent.

COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Shirley Jean LONG, Respondent.

COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Frances M. LONG, Respondent.

Nos. 17470–17472.

United States Court of Appeals Ninth Circuit.

May 25, 1962.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum and Morton K. Rothschild, Attys., Dept. of Justice, Tax Division, Washington, D. C., for petitioner.

John E. Madden, Phoenix, Ariz., for respondent.

Before POPE, HAMLIN and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

After receiving timely notices of deficiencies for income taxes from the Commissioner of Internal Revenue, respondent herein, covering the taxable years 1951 and 1953 taxpayers in No. 17470, No. 17471 and No. 17472, on June 4, 1956, filed timely petitions in the Tax Court for redeterminations of those deficiencies under the provisions of section 272(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 272(a) (1).[1] The

---

1. No attorneys' names appeared on any of the petitions for redetermination.

They were signed as follows: in No. 17470 the petition was signed "Louis F.

answers of respondent were filed in August, 1956, and replies thereto were filed September 13, 1956. No further action was taken until August 4, 1960, when a notice was issued by the Tax Court setting the trial of the three cases for November 7, 1961, in Los Angeles. By letters addressed to taxpayers dated October 7, 1960, in Safford, Arizona, respondent among other things called to the attention of the taxpayers that it was incumbent upon the parties prior to the trial date to get together and to stipulate to all noncontroversial facts. The Commissioner further stated:

"It has come to the attention of this office that a Cause of Action has been filed in the State of Arizona entitled Mildred J. Long v. Louis F. Long, et al., * * *, and that there appears to be in dispute regarding the ownership of certain property, the income from which is involved in these instant Tax Court cases. In this regard, it may be stated that if the proof adduced in the trial of these related cases before the Tax Court * * * indicates that the income from certain ventures is properly attributable to parties other than the ones so charged in the deficiency notice the Commissioner will seek to amend his pleadings to conform to the proof. In that event the deficiency attributable to you could be increased or decreased.

"It is noted that you have not retained counsel to represent you in this matter. Please advise this office whether you intend to retain counsel, and also wishes concerning the stipulation of facts."

On October 11, 1960, attorney John E. Madden while in Washington, D. C., entered his written appearance in these matters and on the same date filed with the clerk of the Tax Court in Washington documents in each of the three cases entitled "Consent to Entry of Decision." In each of these documents the taxpayer concerned withdrew the allegations of error in the petition theretofore filed and consented to the immediate entry of decision for the full amount of the deficiencies claimed by respondent, including penalties, and requested the court to enter its decision accordingly.

On October 12, 1960, from his office in Phoenix, Arizona, Mr. Madden wrote to the regional counsel of respondent in Los Angeles advising him that he had been retained by taxpayers and that on October 11, 1960, he had filed in Washington a consent to the entry of decision in each of the cases. The letter further stated in part, "I was unsuccessful in my attempt to have judgments actually entered because of the unavailability of the Chief Judge." He further stated in the letter: "On my return I find that your letter of October 7, 1960, to my client Miss Frances Long has been transmitted to this office. In view of the fact that we have conceded that judgment may be entered in accordance with your claims it would appear that reply thereto is unnecessary."

In a letter dated October 13, 1960, Mr. Madden again wrote to the regional counsel of respondent as set out in the margin.[2]

In an order dated October 18, 1960, the Tax Court recited that a consent to the entry of decision had been filed upon

Long, Guardian of the Estate of Robert Louis Long, a Minor"; in No. 17471 the petition was signed "Shirley Jean Long"; in No. 17472 the petition was signed "Frances M. Long." Robert, Shirley and Frances are the children of Louis F. Long.

2.                               "October 13, 1960
   "Mr. Melvin L. Sears,
      Regional Counsel,
   "U.S.Treasury Department,
   "1135 Subway Terminal Building,
   "417 South Hill Street,
   "Los Angeles 13, California.
      "In re:   Estate of Robert Louis Long,
                a minor, by Louis F. Long,
                his Guardian, Petitioner, vs.

October 11, 1960, and ordered the Commissioner to show cause on November 2, 1960, in Washington, D. C., why the court should not enter decisions in accordance with the request of the petitioners.

On October 31, 1960, the Commissioner filed in each case a document entitled "Motion for Leave to File Amendment to Answer." In the attached proposed amendment the Commissioner claimed additional tax of approximately $48,000 in each of the three cases.[3] No affidavit accompanied the motion; and the only statement given as justification for making the motion was that information had been received subsequent to March 15, 1956, and the increased deficiencies were claimed accordingly.

After a hearing on November 2, 1960, the Tax Court disposed of the Commissioner's motion to amend by the following order dated November 3, 1960:

"The Commissioner filed a motion on October 31, 1960, for leave to file an amendment to his answer, accompanied by the proposed amendment. * * * The motion disclosed no adequate reason for filing such a belated amendment to the answer. The proposed amendment to the answer does not contain a clear statement of any facts upon which the Commissioner relies for affirmative relief and is not an adequate pleading under the Rules of this Court. " * * * [A]fter due consideration, the Commissioner's motion to file an amendment to the answer is

denied, and it is held that the Commissioner has not shown any cause why the Court should not enter a decision in accordance with the request of the petitioner. * * *"

The Tax Court then entered decision for the Commissioner for the amounts of taxes which were alleged to be due in the original deficiency notices.

On November 22, 1960, the Commissioner filed a "Motion to Vacate Orders and Decisions of November 3, 1960." This unverified motion unaccompanied by any affidavit set forth among other things the following: That each of the taxpayers are the children of Louis F. Long; that Louis F. Long between 1937 and 1953 acquired 18 theatres; that the agents of the Internal Revenue Service began their audit of the tax liabilities of Louis F. Long in October, 1954, "and were refused access to the books and records of the Long Theatres after April, 1955, and did not again have access to these books and records until the period November 9, 1960 to November 14, 1960"; that on August 24, 1960, after the date the instant cases were set for trial (August 4, 1960), a conference was held between representatives of the Internal Revenue Service and the attorney for Louis F. Long, and for the first time learned that Louis F. Long would contend in the tax fraud case against him that theatres acquired by him in the period 1937 to 1953 were actually partly acquired by him for his children and that some of this income should have been reported by his children; that the Com-

Commissioner of Internal Revenue, Respondent. Docket No. 62769. "Shirley Jean Long, Petitioner vs. Commissioner of Internal Revenue, Respondent. Docket No. 62771.

"Dear Mr. Sears:

"Reference is made to my letter to you of yesterday pertaining to the above-entitled matters. This morning I have received from Safford your letters of October 7, 1960, to Mrs. Shirley Jean Schnautz and to the Estate of Robert Louis Long addressed to 520 Main Street,

Safford, Arizona, said letters being identical to the letter of October 7, 1960, to Miss Frances Long, referred to in the next to last paragraph of my letter of yesterday.

"For the reasons set forth in my letter of yesterday, I assume that reply to your letters is unnecessary.
                    "Very truly yours,
"rvg          /s/ JOHN E. MADDEN."

3. The original claimed deficiencies were as follows: in No. 17470—$1,945.48; in No. 17471—$1,913.99; in No. 17472—$2,036.51.

missioner was not put on notice that Louis F. Long would now claim that the income from the theatres was not properly allocated during the years 1951, 1952 and 1953; and finally that if Louis F. Long in the tax fraud case against him prevails in his contention that income from the theatres acquired in his name after 1937 should be partly allocable to his children, and the Tax Court's orders of November 3, 1960, become final, then the children will have avoided paying any income tax on such income.

The taxpayers herein filed a lengthy response to the motion to vacate with accompanying affidavits covering all facts and allegations of the Commissioner. The matter was set to be heard on December 14, 1960. At the hearing the court stated among other things:

> "The court dismissed this case because the Commissioner didn't have any claim for an increased deficiency. Therefore there is no reason why the judgments should be any more than the Commissioner had determined in his Notice of Deficiency.

> "The adversary had conceded all that, so it was all ready to close as far as the Court was concerned. No claim for an increased deficiency was filed.

> "So then you filed a motion for permission to file an amended answer and the answer was one of those answers I kick out here regularly, to your knowledge, because it didn't make a reasonable statement of what your position on the amended answer would be."

The court made an order, dated December 16, 1960, which recited that the Commissioner's motion to vacate the decisions of November 3, 1960, had been heard on December 14, 1960, and which then recited that "[t]he motion sets forth no adequate reason for vacating the decisions, and after due consideration, the same is hereby denied."

On January 16, 1961, the Commissioner filed his "Renewed Motion to Vacate Orders and Decisions of November 3, 1960," which was accompanied by the "Motion for Leave to File Amendment to Answer" and also an "Amendment to Answer." The taxpayers filed a motion to strike these pleadings on the ground, among others, that they were filed without requisite leave of court.

Argument upon these motions was held on February 15, 1961. At the time of this argument counsel for taxpayers contended that Tax Court Rule 19(f), 26 U.S.C.A. (I.R.C.1954) § 7453 requiring special leave to file a motion to vacate more than 30 days after decision had not been complied with and that the various pleadings were not properly before the Tax Court for consideration. The Tax Court took the matter under advisement. On February 17, 1961, the Commissioner filed a document entitled "Motion for Special Leave to File Renewed Motion to Vacate Orders and Decisions of November 3, 1960."

On February 23, 1961, the Tax Court in an extended written order recited in detail the proceedings that had taken place. This order stated in part:

> "The first question is whether the Commissioner in these motions has shown sufficient reason for the court in its discretion to grant special leave for the belated filing of the January 16, 1961, motions to vacate the decisions of November 3, 1960.
> \* \* \* \* \* \*

> "Furthermore, the motions for special leave do not contain a statement of any reason why special leave should be granted. They state, perhaps with some impatience, that the Commissioner has previously informed the Court of his reasons why the decisions in the three cases should be vacated. Such a motion does not move the Court to waive the 30-day rule. Not only is it not clear to what reasons the Commissioner refers, but also it is not clear that he refers to meritorious reasons. The

chief implied reason may be that the Court should hold open these three cases (a) "for disposition after the Court has considered on the merits the allocation of income question belatedly raised by the petitioner in the companion case of Louis F. Long et ux., Docket No. 62770" * * *.

"An examination of the file of Docket No. 62770 * * * discloses that the petition was filed on June 4, 1956, followed by an answer on August 2, 1956, and a reply on September 13, 1956, and that the petitioners in that case have never filed or requested permission to file any amendment to their pleadings. The Commissioner's reference to a question 'belatedly raised by the petitioners' in Docket No. 62770 is not based upon fact. * * * The Court finds in the above no support for the Commissioner's motion for leave to file a belated motion to vacate decisions."[4]

The order pointed out further that the Commissioner had not alleged any fact to show that any one of the taxpayer children of Louis F. Long had actually received any taxable income from the theatres, that any of them had any knowledge that the income from the theatres belonged to them and should be reported, or that any of the three children had committed any fraudulent act. The order further pointed out that the proposed amended answers of the Commissioner did not conform to the rules of the court. After setting out in detail further reasons for its action the court concluded its order with the following statement:

"After further consideration of all matters, the court is not moved to grant the motion for leave to file the motions to vacate the decisions of November 3, 1960, and that motion is hereby denied."

The Commissioner timely filed in this court a petition to review the order of the Tax Court dated November 3, 1960, to review the order entered by the Tax Court on December 16, 1960, and to review the order of that court dated February 23, 1961. Jurisdiction is in this court pursuant to section 7482 of the Internal Revenue Code of 1954, 26 U.S. C.A. § 7482.

The questions presented by this appeal are (1) whether the Commissioner had an unqualified right to amend his answer, at or before the hearing or the rehearing in the Tax Court, claiming additional deficiencies in taxes in excess of the amount assessed in the deficiency notice, and (2) if the Commissioner did not have such an unqualified right, whether the Tax Court abused its discretion in refusing to allow the Commissioner's motion to amend his answer and the Commissioner's motion to vacate the orders and decisions of November 3, 1960.

Section 272(e) of the Internal Revenue Code of 1939 reads:

"Increase of deficiency after notice mailed. The Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed—if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing."

Contrary to the contention of the Commissioner, this section does not give any absolute right to the Commissioner to claim an additional tax "if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing." It really gives the Tax Court jurisdiction to redetermine the correct amount of the deficiency in the event such redetermination is warranted by the facts of a particular case. A statute which provides merely for jurisdiction to do an

act does not by that fact alone establish a mandate requiring that act to be done.

The question of whether the Commissioner has a right as a matter of law to amend was discussed in *Commissioner of Internal Revenue v. Erie Forge Co.*, 167 F.2d 71 (3d Cir.1948). The court there said:

"The Commissioner relies upon Section 272(e) and contends that he had a right to amend as a matter of law and that the court was obliged to accede to his request, citing Helvering v. Edison Securities Corp. [, 4 Cir., 78 F.2d 85]; Commissioner [of Internal Revenue] v. Ray [, 7 Cir., 88 F.2d 891]; International Banding Machine Co. v. Commissioner, [2 Cir., 37 F.2d 660,] all supra. He argues from those cases that the term 'hearing' includes the entire proceeding before the Tax Court down to the rendering of the final decision and that therefore his request for amendment was timely.

"True the statute prescribes that the Tax Court has jurisdiction to determine the correct amount of the deficiency and to determine whether a penalty should be assessed if claim therefor is asserted by the Commissioner at or before the hearing or rehearing, but the Tax Court was also given a right by law to adopt rules of procedure and it did by providing in Rule 19 that 'motions must be timely', that 'motions will be acted upon as justice may require' and in Rule 17 that 'after answer is filed, a petition may be amended only by consent of the Commissioner or on leave of the Board'. Further that 'upon motion made, the Board may, in its discretion, at any time before the conclusion of the hearing, permit a party to a proceeding to amend the pleadings to conform to the proof'.

"While Rule 17 does not expressly and literally cover an amendment proposed by the Commissioner the spirit and intent of the rule would require permission of the Tax Court before such an amendment would be allowed, and its action could not be reversed unless it was arbitrary or other than justice requires.

"We do not agree that the Commissioner is entitled to have the amendment allowed as a matter of law * * *." [Footnotes omitted.][5]

We have not found and the Commissioner has not pointed out any case which holds that the Commissioner has the unqualified right for which he contends herein and which holds that the Tax Court has no discretion to refuse permission to amend. The Commissioner's reliance on *Commissioner of Internal Revenue v. Finley*, 265 F.2d 885 (10th Cir. 1959), and other cases is misplaced. In the Finley case the Commissioner was permitted to amend his answer after the hearing of the case but before the decision of the court was rendered. The taxpayer argued that the amendment was not timely within the meaning of section 272(e). The court held that the amendment to the answer conforming the answer to the proof was timely in that it was filed "at or before the hearing or rehearing." The court did not discuss, nor did it have occasion to discuss, whether the Commissioner has an absolute right to amend his answer if his proffered amendment is timely. The court merely dealt with the narrow question of whether the proffered amendment was in fact timely. The taxpayer apparently did not argue that the granting of permission to file the amendment was an abuse of discretion.

Although there are no cases which hold that there is an unqualified right to amend in all situations, there have been instances where a denial of permission to amend has been an abuse of discretion.[6]

---

5. 167 F.2d at 76.

6. For example, in Commissioner v. Ray, 88 F.2d 891 (7th Cir. 1937), the con-

■ We agree with the reasoning and the holding of Commissioner of Internal Revenue v. Erie Forge Co., supra, and therefore we conclude that the Commissioner did not have an unqualified right on October 31, 1960, to file an amendment to his answer claiming a tax in excess of the amount assessed in the deficiency notice.

We turn now to the second question on this appeal, whether the Tax Court abused its discretion in refusing to allow the Commissioner's motions to amend and in denying Commissioner's motions to vacate the orders and decisions of November 3, 1960.

No action was taken by the Commissioner from the time of the filing of his answers to taxpayers' petitions on August 2, 1956, until October 31, 1960, a period of over four years. On October 31, 1960, two days before the day fixed for the hearing of the orders to show cause why the orders which had been consented to by taxpayers should not be entered, the Commissioner filed his belated motions for leave to file amendments to his answers. In these motions he raised his claim of tax deficiency from approximately $2,000 in each case to approximately $48,000 in each case. The only explanation given in his motion was that it was done "in accordance with information received subsequent to March 15, 1956." Such a meager "explanation" of why a motion to amend an answer is requested does not comply with Rule 17 (a) of the Tax Court Rules of Practice, 26 U.S.C.A. (I.R.C.1954) § 7453 which provides that "A motion for leave to amend a pleading shall state reasons for granting it and shall be accompanied by the proposed amendment."

■ The Commissioner's proposed amendment which accompanied his motion for leave to file it also failed to comply with the applicable Tax Court rule. Rule 14(b) of the Tax Court Rules of Practice provides:

"The answer shall be drawn so that it will advise the petitioner and the Court fully of the nature of the defense. It shall contain a specific admission or denial of each material allegation of fact contained in the petition and a statement of any facts upon which the Commissioner relies for defense or for affirmative relief or to sustain any issue raised in the petition in respect of which issue the burden of proof is, by statute, placed upon him. * * *"

The Tax Court pointed out, and we agree, that the Commissioner's proposed amendments did not contain a "statement of any facts upon which the Commissioner relies * * * for affirmative relief."

The Commissioner on November 22, 1960, filed his motion to vacate orders and decisions of November 3, 1960. This motion was unverified and it was not accompanied by any affidavits. Among other things it recited that the attorney for Louis F. Long, the father of taxpayers, had indicated that Louis F. Long "would contend that some of the income from theatres in the period 1937 to 1953 should have been reported by taxpayers," and that if Louis F. Long "prevails in his contention * * * then the children (taxpayers herein) will have avoided any income tax thereon * * *." Nowhere in the facts alleged by the Commissioner in support of his motion was there a definite statement of any particular income that should be chargeable to any of the Long children, either from any theatre or during any particular year.

To this motion to vacate the petitioners filed an extensive response which was

troversy was over the proper tax due for 1926 and 1928. The Commissioner's deficiency notice and answer stated that a certain $25,000 item was income for 1926. In the trial court's opinion it was found that the disputed $25,000 item was income for 1928 not 1926. The Commissioner

then moved to amend the pleadings to conform to the finding of the court. The motion to amend was denied. The Court of Appeals reversed, holding that denial of the motion to amend was an abuse of discretion.

accompanied by exhibits and by affidavits.

At the hearing on the Commissioner's motion to vacate on December 14, 1960, in Washington, D. C., the Tax Court again pointed out the weakness of the Commissioner's proposed amended answer and that the court had nothing more before it on December 14 than it had had on November 3, 1960. The taxpayers contended that their extensive affidavits and exhibits had established without question the weakness of the Commissioner's position. After taking the matter under submission the court, on December 16, 1960, signed a written order denying the motions to vacate.

■■ Upon all the facts and circumstances which were before the Tax Court we are unable to see any abuse of discretion in the Tax Court's orders of November 3 or in the Tax Court's order of December 16 refusing to vacate the prior orders. We agree with the statement in Commissioner of Internal Revenue v. Erie Forge Co., supra, that—

"The Tax Court is authorized to determine whether its rules are complied with and where its decision of such questions is not shown to be clearly wrong it should not be disturbed. Commissioner v. Kerbaugh, 1 Cir., 1935, 74 F.2d 749. Whether a motion is timely and whether it should be allowed rests within the sound discretion of the Court. Reis v. Commissioner, 6 Cir., 1944, 142 F. 2d 900, 903  *  *  *."[7]

On January 16, 1961, the Commissioner lodged with the court motions for leave to file amendments to his answers, accompanied by proposed amendments to his answers and documents entitled "Renewed Motion to Vacate Orders and Decisions of November 3, 1960." Rule 19(f) (1) of the Tax Court Rules of Practice provides:

"No motion to vacate or revise a decision may be filed more than 30

days after the decision has been entered, except by special leave."

No special leave was requested or granted when the last mentioned documents were lodged with the court on January 16, 1961.

The parties were notified that they would be heard on the matter of the motions to vacate and the motions to. file amended answers on February 15, 1961. On February 17, 1961, the Commissioner belatedly filed motions for special leave which should have been filed when the renewed motions to vacate were lodged with the court on January 16, 1961.

Even though it would seem that the Tax Court was not obliged to consider further the Commissioner's motions because the rules were not properly observed, the Tax Court again reviewed the Commissioner's proceedings before it. In its order of February 23, 1961, the Tax Court, among other things (some of which appear in the statements of facts of this opinion), stated that one of the allegations of the Commissioner in justification of his position was not based upon fact.[8] The court further stated:

"He [the Commissioner] does not allege any fact to show that any one of these three children actually received any taxable income from these theatres, that any one of the three had any knowledge that income from such theatres belonged to them and should be reported by them as taxable income during 1951 or 1953 or that any one of the three children committed any fraudulent act. It would thus appear that the proposed amended answers do not conform to the rules of this Court, so that if the Court waived the 30-day rule on the motions to vacate the decisions of November 3, 1960, it would not have before it any amended answers which would merit filing, it would have to deny the motions to file the proposed amended answers now lodged with it and

---

7.  167 F.2d at 76.

8.  See text accompanying note 4 supra.

there would be no claims for any increased deficiencies."

The court then referred to further weaknesses and inconsistencies in the Commissioner's actions (the details of which are set out in the order and which we will not attempt to repeat here), and after stating that it had fully considered all of the matters the court denied the Commissioner's motions. We think such denial was clearly within the discretion of the Tax Court under the rules of that court and under the factual circumstances which were before it.

The judgment of the Tax Court is affirmed.