**John CHANIK and Betty Chanik, Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 73–1385–86.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1973.

Decided Feb. 4, 1974.

Bruce H. Seyburn, Southfield, Mich., for petitioners; Donald G. Schiff, David J. Lieberman, Southfield, Mich., on brief.

Robert S. Watkins, Tax Div., Dept. of Justice, Washington, D. C., for respondent; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Jonathan S. Cohen, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; Lee H. Henkel, Jr., Chief Counsel, I. R. S., Washington, D. C., of counsel.

Before PHILLIPS, Chief Judge, and EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Mr. and Mrs. John Chanik appeal from an adverse decision of the Tax Court, T.C.Memo 1972–174.

The consolidated cases involve asserted deficiencies and penalties with respect to federal income taxes for the taxable years 1958, 1959, 1960, 1961, 1964 and 1965, in the aggregate amount of $151,435.70.

The taxpayers filed joint returns for all the years in question. The appeal involves income found to have been received by the taxpayers with respect to interests in certain oil leases. Reference is made to the decision of the Tax Court, announced by Judge Sterrett, for a recitation of the facts.

The taxpayers contend that the Tax Court erred in denying their motion to quash the deficiency because of illegally obtained evidence. In 1963 Mr. Chanik was investigated by the Michigan Securities and Exchange Commission, which subpoenaed the books and

records relating to the oil leases here in question. When a Federal Grand Jury was considering mail fraud charges against Mr. Chanik, the United States Attorney obtained from the State Commission an undisclosed amount of books and records concerning the leases. Almost all the documentary evidence relied upon by the Commissioner in the instant case was obtained from the United States Attorney, and was among the lease records acquired by the United States Attorney from the Michigan Commission. For the reasons stated in the opinion of Judge Sterrett, we find that the Tax Court did not err in refusing to quash the deficiency. Brown v. United States, 411 U.S. 223, 93 S.Ct. 1565, 26 L.Ed.2d 208 (1973); Alderman v. United States, 394 U.S. 165, 173–174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1968); United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944).

 Also for the reasons stated in the opinion of Judge Sterrett, we hold: (1) The Tax Court correctly sustained the determination of the Commissioner that the taxpayers realized taxable income in each of the years 1958 through 1960 as a result of the sale of fractional interests in the oil leases in question. Pacific Jobbers, 55 T.C. 866, 874–875 (1971), aff'd, 457 F.2d 1165 (5th Cir. 1972); (2) The Tax Court correctly upheld the Commissioner's disallowance of claimed business expense deductions allegedly incurred by the taxpayers while engaged in "oil exploration" in 1964 and 1965; and (3) The Tax Court correctly determined that Mrs. Chanik does not qualify for relief as an innocent spouse under § 6013(e) of the Internal Revenue Code.

 On appeal the taxpayers argue that the oil lease transactions were joint ventures and that the money received was property exchanged for an interest in a partnership, seeking to come within the non-recognition provisions of § 721. This issue was not raised in the Tax Court and no evidence was presented by petitioners to show that the transactions were a partnership within the meaning of the § 721. This contention of the taxpayers is not supported by the record.

Affirmed.