SUNDSTRAND CORPORATION AND SUBSIDIARIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sundstrand Corp. v. Commissioner
Docket No. 26230-83.
United States Tax Court
T.C. Memo 1986-531; 1986 Tax Ct. Memo LEXIS 76; 52 T.C.M. (CCH) 958; T.C.M. (RIA) 86531; October 29, 1986. John C. Klotsche, for the petitioner. James F. Kidd, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: The sole issue before the Court for its determination is whether *77 leave should be granted respondent to amend his answer to provide for the imposition of interest on substantial underpayments attributable to tax motivated transactions pursuant to section 6621(d). [1]
Petitioner, a U.S. (Delaware) corporation with its principal corporate office in Rockford, Illinois, is a publiclyheld corporation. [2] Petitioner is engaged in the design, manufacture, and sale of a variety of products for diversified aerospace and industrial markets, including the U.S. Department of Defense. Petitioner's principal business activity is the manufacture and sale of such products and not the performance of services. Sundstrand Pacific (PTE) Ltd. ("SunPac") is a wholly-owned subsidiary of petitioner. *78 SunPac is located in Singapore and during the years before the Court was engaged primarily in the manufacture and sale of parts for aircraft transmissions known as constant speed drives. The central issue involved in this litigation concerns certain adjustments and allocations made and determined by respondent pursuant to section 482 with respect to transactions between petitioner and its Singapore subsidiary. Respondent determined that the prices at which SunPac sold its products to petitioner during the years at issue were not at arm's length and, acting under the authority of section 482, has allocated certain amounts of SunPac's income to petitioner. Petitioner contends that such prices were at arm's length and that respondent's determinations and allocation are in error. The petition in this case was filed with the Court on September 12, 1983, and the case has been at issue since October 24, 1983, the date on which respondent's answer was timely filed with the Court. The case is now proceeding through the final pretrial discovery and stipulation process toward trial. On July 7, 1986, respondent submitted a motion for leave to amend answer together with his proposed amendment *79 to answer asking the Court to find that the amounts of deficiencies pertaining to petitioner's payments to SunPac are substantial underpayments attributable to tax motivated transactions within the meaning of section 6621(d). Petitioner timely filed its objection to respondent's motion on August 11, 1986, and respondent's response to petitioner's objection was timely filed on September 17, 1986. Petitioner is aware of the Court's announced procedure concerning amendments to answers by respondent asserting application of section 6621(d) and that, in normal circumstances, the Court will act favorably on such a motion. Law v. Commissioner,84 T.C. 985, 991 (1985). [3] Nevertheless, petitioner submits that, as a matter of law, section 6621(d) is not applicable to petitioner and, consequently, that respondent's motion should be denied. To the contrary, respondent replies that his motion for leave to amend his answer should be granted because his motion for leave to amend is timely and does not prejudice petitioner.
*80 Under section 6214(a), this Court has jurisdiction to consider a claim by respondent for an increased deficiency or addition to tax at any time before the entry of a final decision. Ferrill v. Commissioner,684 F.2d 261, 265 (3d Cir. 1982), affg. per curiam a Memorandum Opinion of this Court; Henningsen v. Commmissioner,243 F.2d 954 (4th Cir. 1957), affg. 26 T.C. 528 (1956); see Koufman v. Commissioner,69 T.C. 473 (1977). However, section 6214(a) does not give respondent an unqualified right to amend his answer to claim an increased deficiency addition to tax, or penalty. See Commissioner v. Long's Estate,304 F.2d 136 (9th Cir. 1962), affg. unreported orders of this Court; Koufman v. Commissioner,supra.[4]Section 7453 expressly authorizes this Court to adopt rules governing practice before it, and respondent, like any other party before this Court, is required to conform to such rules. Commissioner v. Long's Estate,supra; *81 Koufman v. Commissioner,supra.
Rule 41(a) states, in pertinent part: If the pleading is one to which no responsive pleading is permitted and the case had not been placed on a trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleadings only by leave of Court or by written consent of the adverse party; and leave shall be given freely when justice so requires.* * * [Emphasis added.] Whether a motion seeking amendment should be allowed is within the sound discretion of the Court, and its decision will not be reversed unless it abuses its discretion. Commissioner v. Long's Estate,supra.
In determining the justice of a proposed amendment, we must examine the particular circumstances in the case before us, for the exercise of discretion "may never be arbitrary and must be controlled by sound reason and fairness." California Brewing Association v. Commissioner,43 B.T.A. 721, 725 (1941). If there is evidence of surprise or substantial disadvantage to petitioner, respondent's *82 motion to amend should be denied because it is the purpose of section 6214(a) to give petitioner a fair opportunity to answer and resist the claim before it is considered by the Court. Ferrill v. Commissioner,supra at 265; Henningsen v. Commissioner,supra at 959.[5] On the other hand, in cases where there was no evidence of surprise or prejudice to the petitioner, this Court has been reversed for refusing to allow respondent to amend his answer to claim an increased deficiency, even after the Court has filed its opinion. Commissioner v. Ray,88 F.2d 891 (7th Cir. 1937), revg. a Memorandum Opinion of this Court; see Buffalo Union Furnace Co. v. Helvering,72 F.2d 399 (2d Cir. 1934), revg. on this issue 23 B.T.A. 439 (1931). Upon consideration, we grant respondent's motion to amend. In the present case, while respondent attempts to amend his answer almost three years after he served his original answer on petitioner, petitioner would not be prejudiced or placed at a substantial disadvantage if we were to permit respondent to *83 raise this new issue. Unlike the circumstances present in Law v. Commissioner,supra, trial in this case has not begun and petitioner has a fair opportunity to answer and resist the claim before it is considered by this Court. If necessary, we will address the substantive issue of the application of section 6621(d) to the case before us after trial and the receipt of briefs. In granting respondent's motion to amend, we express no opinion as to the merits of the substantive application of section 6621(d) to this case. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's shares of common stock are registered on the New York, Midwest, and Pacific Stock Exchanges. As of March 6, 1986, petitioner had 18,725,704 shares of common stock outstanding, and no person or group was a beneficial owner of five percent or more of such stock.↩
3. On January 10, 1985, Chief Judge Howard A. Dawson Jr. announced the rules regarding section 6621(d) stating that If the Commissioner gives adequate and timely written notice to the petitioner or his counsel of his intention to claim additional interest under section 6621(d), the counsel for the Commissioner may, at the trial session where the case is to be tried or submitted, make a motion, either orally or in writing, for leave to amend his answer to claim the additional interest. The Court will act favorably on such motion and allow the Commissioner to amend his answer, but it will be necessary for the Commissioner to submit a written amendment to his answer specifying the tax motivated transactions which he claims gave rise to the substantial underpayment. The Commissioner shall also serve such amendment on the petitioner. Law v. Commissioner,84 T.C. 985, 991↩ (1985).
4. See also Spain v. Commissioner,T.C. Memo. 1978-270↩.
5. See also Forseth v. Commissioner,T.C. Memo. 1985-279↩.