**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Wade Vincent SHANG, Defendant— Appellant.**

No. 04–10063.

D.C. No. CR–02–00239–WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 22, 2004.

Robert E. Lindsay, Esq., Gregory V. Davis, Esq., U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

John M. Youngquist, Esq., San Francisco, CA, for Defendant–Appellant.

Before CANBY, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM *

In this tax evasion case, the government chose to employ the net worth method, a circumstantial method of proof requiring "the exercise of great care and restraint," *Holland v. United States*, 348 U.S. 121, 129, 75 S.Ct. 127, 99 L.Ed. 150 (1954), and as to which the government "assumes a special responsibility of thoroughness and particularity" in its investigation. *United States v. Hall*, 650 F.2d 994, 999 (9th Cir.1981).

■ Because the government proved a reasonably certain opening net worth and a sufficiently thorough investigation for tax years 1996 and 1998, we affirm the denial of Shang's motion for acquittal as to these two counts.

■ However, we reverse the conviction on the 1999 count because the government's efforts resulted in a net worth calculation lacking the required "thoroughness and particularity." *Hall*, 650 F.2d at 999. The government admitted that its net-worth calculation for tax year 1999 was off by some $47,000 in two respects: (1) making a "substantial understatement" of Shang's 1999 tax liabilities by failing to discover a $34,000 credit line; and (2) missing seven checks totaling approximately $13,000 that did not clear before the end of 1999, even though they should have been counted to adjust the year-end bank balance. Compare *United States v. Keller*, 523 F.2d 1009, 1012 (9th Cir.1975), where we affirmed a conviction with a 10%

computational error. Here, the computational error is 75% or 40%, depending on whether Shang's client trust accounts are included. While the government need not prove its calculation to a "mathematical certainty," these errors stray far from that level of accuracy into the realm of downright inaccuracy.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RE-SENTENCING.

RYMER, Circuit Judge.

I agree that Shang's motion for acquittal was properly denied for tax years 1996 and 1998, but disagree that the government's efforts resulted in a net worth calculation lacking the required "thoroughness and particularity" for 1999 under *United States v. Hall*, 650 F.2d 994, 999 (9th Cir.1981) (per curiam). Shang offered no leads and no reasonable explanation that the government failed to pursue which would establish his innocence. *See Holland v. United States*, 348 U.S. 121, 135–36, 75 S.Ct. 127, 99 L.Ed. 150 (observing that evidence may be insufficient to go to the jury when "the Government does not track down relevant leads furnished by the taxpayer—leads reasonably susceptible of being checked, which, if true, would establish the taxpayer's innocence."); *United States v. Greene*, 698 F.2d 1364, 1371 (9th Cir.1983) (same).

*United States v. Keller*, 523 F.2d 1009 (9th Cir.1975), is inapposite because there (as in *Hall*), the taxpayer did offer leads that the government did fail to pursue. Certainly here, the $34,000 line of credit problem cannot be laid at the government's doorstep; the government "failed to discover" the increase because Shang's mortgage company failed to provide complete records in response to a subpoena. Even if the government should not have "missed" the seven checks that didn't clear

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

before year end, that error neither undermines the thoroughness of its overall investigation nor casts any doubt on Shang's innocence. In total the checks amounted to only $13,052, well within the margin of error approved in *Keller.* 523 F.2d at 1012 (affirming conviction with ten percent computational error). In any event, at the end of the day there was still a substantial under-reporting of income, by anywhere from $20,000 (construing possible errors entirely in Shang's favor) to $47,000 (construing errors in the light most favorable to the government). As *Hall* itself states, when "it is shown arithmetically that even under the [taxpayers'] version there would be a substantial amount of unreported income, the error would be inconsequential and the Government relieved of the need to pursue the matter." 650 F.2d at 1000. I would, therefore, affirm across the board.