T.C. Memo. 2008-69


UNITED STATES TAX COURT


WADE V. SHANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20910-06.                    Filed March 18, 2008.


Wade V. Shang, pro se.

<u>Margaret Burow</u>, for respondent.


MEMORANDUM OPINION

HAINES, <u>Judge</u>:  This case is before the Court on respondent's motion for leave to file amendment to answer under Rule 41(a).[1]

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to

(continued...)

## Background

Petitioner resided in California at the time the petition was filed.

On August 1, 2006, respondent issued petitioner a notice of deficiency based on petitioner's criminal tax evasion convictions in the U.S. District Court for the Northern District of California for the years 1996, 1998, and 1999.[2] Respondent determined deficiencies in petitioner's Federal income tax totaling $66,828 and civil fraud penalties under section 6663 totaling $50,121. Petitioner filed a timely petition to this Court on October 16, 2006. On December 5, 2006, respondent timely filed his answer. Respondent's answer states in relevant part:

> FURTHER ANSWERING the petition in respect to respondent's determination that the petitioner is liable for the civil fraud penalty pursuant to I.R.C. section 6663 for taxable years 1996, 1998, and 1999, respondent affirmatively relies upon the doctrine of collateral estoppel, and alleges:

The answer goes on to allege facts regarding petitioner's criminal conviction which would tend to support the application of collateral estoppel. Petitioner did not file a reply.

On March 28, 2007, 113 days after the filing of the original answer, respondent filed a motion for leave to file amendment to

---

[1](...continued)
the nearest dollar.

[2]Petitioner's conviction for 1999 was reversed by the U.S. Court of Appeals for the Ninth Circuit. United States v. Shang, 114 Fed. Appx. 813 (9th Cir. 2004).

answer. Respondent seeks to set forth facts regarding the determination of the civil fraud penalties without reliance on collateral estoppel. On May 31, 2007, petitioner filed his objection to respondent's motion for leave to file amendment to answer. On October 15, 2007, hearing was held on the motion in San Francisco, California.

## Discussion

Rule 41 governs amended and supplemental pleadings. Rule 41(a) covers amendments generally and provides in effect that after a responsive pleading is served or after 30 days if no responsive pleading is permitted, "a party may amend a pleading only by leave of Court or by written consent of the adverse party, and leave shall be given freely when justice so requires." Rule 41(a) reflects "a liberal attitude toward amendment of pleadings." 60 T.C. 1089 (explanatory note accompanying promulgation of Rule 41). Because the parties have framed this issue as though leave were necessary for respondent to amend his answer, we will assume arguendo that it is.

Whether leave will be granted to file an amendment to answer is a question falling within the sound discretion of the Court, and the disposition of such a motion turns largely on whether the matter is raised timely so as not to prejudice the taxpayer. Waterman v. Commissioner, 91 T.C. 344, 349-350 (1988); Ross Glove Co. v. Commissioner, 60 T.C. 569, 595 (1973).

Petitioner's objections to the motion fall into three categories.  Petitioner argues:  (1) Respondent is in violation of the Court's Rules, (2) respondent failed to exercise due diligence, and (3) if the motion is granted, petitioner will be unduly prejudiced in presenting his case.

Whether Respondent Has Complied With the Court's Rules

Petitioner argues that respondent is in violation of Rule 39, which requires that a party set forth in his pleading special matters, including fraud and collateral estoppel.  Petitioner argues that respondent pleaded collateral estoppel, but not fraud, in his original answer.  However, the answer specifically states:  "petitioner is liable for the civil fraud penalty pursuant to I.R.C. section 6663 for taxable years 1996, 1998, and 1999".  In his answer, respondent relies on collateral estoppel. In his motion for leave to file amendment to answer, respondent merely seeks to include the facts necessary for a finding of fraud without reliance on collateral estoppel.  As respondent alleged fraud in his answer, he has complied with Rule 39.

Petitioner alleges that respondent did not set forth the reasons for the amendment as required by Rule 41(a).  However, the motion states that respondent seeks to set forth allegations of facts surrounding the imposition of the civil fraud penalty under section 6663.  This is sufficient to comply with Rule 41(a).

Whether Respondent Failed To Exercise Due Diligence

In Chanik v. Commissioner, T.C. Memo. 1972-174, affd. 492 F.2d 1181 (6th Cir. 1974), the Court denied the Commissioner's motion to amend his answer to allege fraud rather than negligence for the taxpayer's 1961 tax year. The Court found that the Commissioner failed to exercise due diligence in alleging fraud because he investigated the taxpayer's 1961 tax year for 6 years before the issuance of a notice of deficiency, he issued a notice of deficiency for 1958, 1959, and 1960 which alleged fraud for those years shortly after issuing the 1961 notice, and the motion to amend was made at the time of trial. Id.

In Commissioner v. Estate of Long, 304 F.2d 136 (9th Cir. 1962), the court denied a motion to amend the answer to assert additional deficiencies in excess of the amounts determined in the notice of deficiency. The Court found that the Commissioner took no action for over 4 years, from the time of filing the original answer until 2 days before the date of a hearing on an order to show cause why the Court should not enter decisions when the taxpayer consented to decisions based on the amounts determined in the notice of deficiency. Id. at 143.

Respondent is not asserting additional deficiencies or penalties as the Commissioner did in Chanik and Estate of Long. Respondent affirmatively alleged fraud in his answer, and the motion was made less than 4 months after the original answer was

filed and before the case was set for trial.  The Court, therefore, finds that respondent was not dilatory in moving to amend the answer.

Petitioner further argues "that respondent is bound by the doctrine of 'abundant notice' of any alleged facts of fraud and self-acknowledged privity with the prior criminal proceedings, wherein fraud allegations were made."  The Court is not aware of a "doctrine of abundant notice".  Whatever notice respondent had of the criminal proceedings is irrelevant to the issue of whether respondent's motion for leave should be granted.

<u>Whether Petitioner Would Be Unduly Prejudiced</u>

Petitioner argues that the motion should be denied because the proposed amendment seeks to raise factual issues that would require substantial preparation and trial time, whereas collateral estoppel is a legal issue requiring fewer resources. In <u>Wyman-Gordon Co. v. Commissioner</u>, T.C. Memo. 1985-433, the Court denied the Commissioner's motion for leave to amend his answer to raise a new factual issue, finding that the amendment prejudiced "petitioners' efforts to obtain a resolution of the other issues that were raised by respondent in a timely manner." <u>Id.</u>

In <u>Wyman Gordon Co.</u>, the Commissioner filed his motion for leave 4 days after calendar call and 11 months after filing his answer.  As discussed above, this case has not been set for trial

and respondent filed his motion for leave less than 4 months after filing his answer.  Furthermore, petitioner presumably prepared a defense in his criminal case which would require the presentation of much of the same evidence as the civil case before this Court.

Conclusion

Put simply, respondent's motion for leave to file amendment to answer has been submitted without undue delay, respondent has complied with the Court's Rules, and petitioner will not be prejudiced by the granting of respondent's motion.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion for leave to file amendment to answer.