LEON L. MOISE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GERALD F. SCHLESINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LE ROY SCHLESINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7453–7455, 8036. Promulgated September 25, 1928.

*Jerome H. Bayer, Esq.*, for the petitioners.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

LITTLETON: The first contention of the petitioners is that the various written consents filed are ineffective for the reason that they were approved by the Commissioner after the expiration of the five-year period within which the Commissioner could make assessments for the respective years involved.

The Board has previously held that a consent executed after the five-year period has expired is valid and that taxes may be assessed within the period of such consent. *Joy Floral Co.*, 7 B. T. A. 800.

Upon the authority of that decision, the contentions of all petitioners with respect to the issue of the statute of limitations are denied. See also *Friend M. Aiken*, 10 B. T. A. 553, and *Sugar Run Coal Mining Co.*, 11 B. T. A. 587.

At the hearing the petitioners Leon L. Moise and Gerald F. Schlesinger contended that the original written consents covering 1918 and expiring March 1, 1925, were neither signed nor authorized by them. However, the said petitioners admitted having filed consents for 1918, dated February 3, 1925, and January 30, 1925, respectively, and expiring December 31, 1925. Whatever may have been the fact as to the original consents, there is no question as to the validity of the later ones. These properly signed consents effectively extended the period fixed by law.

The second issue presented for decision is whether or not in determining the net income of the partnership of which the petitioners were members, obsolescence of its tangible assets is allowable as a deduction from gross income.

The first difficulty in granting the petitioners' contention on this point lies in the insufficiency of evidence as to the value of the tangible assets on account of which obsolescence is claimed. The principal evidence presented as to these values was the ledger of the partnership, which showed a balance in the "Building" account at December 31, 1918, of $7,200 and in the "Furniture & Fixtures" account a balance of $13,965.03. One of the petitioners testified that the $7,200 in the "Building" account represented money which had been expended "in building vats and fixtures and also building a cellar in the building which we had leased," but from an examination of the ledger account it appears that this statement does not mean more than that costs of the character referred to were entered in this account and that after adjustments for depreciation, and possibly for other reasons, the balance of $7,200 remained.

In neither instance do we know how such book values were computed. We have no proof of costs or appropriate rates of depreciation, nor do we have a segregation or identification of the assets upon which the obsolescence was predicated. Neither have we the amount sold or salvaged from the furniture and equipment in 1920. Thus, we have no basis on which to determine the amount of obsolescence in either instance. In the absence of evidence the petitioners' contention under this issue must be denied. *Star Brewing Co.*, 7 B. T. A. 377.

The third issue is whether the Commissioner erred in allowing the partnership of Schlesinger and Bender a deduction for obsolescence of good will and whether by the affirmative allegations in his amended answers he has effectively asserted a claim for increased deficiencies.

Section 274 (e) provides:

The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

Rule 14 of the Board's Rules of Practice provides in part that " the answer shall be so drawn as fully and completely to advise the petitioner and the Board of the nature of the defense. It shall contain a specific admission or denial of each material allegation of fact contained in the petition and shall set forth any new matters upon which the Commissioner relies for defense or affirmative relief."

We are of opinion that the Commissioner has, by his amended answers, effectively asserted a claim for increased deficiencies within the meaning of section 274(e) of the Revenue Act of 1926. The petitioners allege that the Commissioner allowed the partnership a deduction totaling $52,814.70 for obsolescence of good will. The Commissioner admits that he did this and affirmatively alleges that he erred in so doing and that he erred in not including in the income of each of the petitioners his distributive share of the profits of the partnership without any allowance for obsolescence of good will since obsolescence of good will is not an allowable deduction from gross income.

It is clear from these allegations that the Commissioner is asserting a claim in each proceeding for a deficiency in excess of the amount originally determined by him. It is not necessary that the claim by the Commissioner for a deficiency in excess of the amount originally determined by him, or for a penalty, additional amount or addition in tax be asserted in any particular language. A sufficient claim has been made if the Commissioner affirmatively alleges error in his original determination, together with facts sufficient, if proved, to result in an increase of the net income and the tax of the petitioner over that originally determined by him.

There is no dispute as to the facts relative to the deductions originally allowed by the Commissioner for obsolescence of good will. The claim of the Commissioner that he erroneously allowed the partnership deductions for obsolescence of good will for the years involved and that the distributive share of the petitioners of the net income of the partnership should be increased accordingly is well taken. *Red Wing Malting Co.*, 8 Fed. (2d) 108; 15 Fed. (2d) 626; *Manhattan Brewing Co.*, 6 B. T. A. 952.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

VAN FOSSAN, dissenting: I am unable to agree with the prevailing opinion on the third issue of the case. This issue involved the determination of whether or not the Commissioner has effectively asserted the claim for the additional amount or addition to the tax beyond that set forth in the original notices of deficiencies.

Section 274(e) provides:

The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed, *if claim* therefor *is asserted* by the Commissioner at or before the hearing or a rehearing. (Italics ours.)

As I read this section, the assertion of a claim for the additional amount or addition to the tax is a prerequisite to the finding by the Board of such additional amount. There are sound considerations of justice and fairness back of such a provision. Petitioner, upon receipt of a notice of a specific deficiency, prepares his petition in reliance on the representations as to the Government's contentions set forth in the notice. His petition is specifically addressed to those contentions and his preparations to contest the deficiency are confined thereto. Section 274(f) specifically forbids, in cases subsequently arising, the determination of an additional deficiency except in case of fraud or as provided in section 274(e), *supra*, or in case of a jeopardy assessment under section 279(c). By this prohibition Congress has indicated its disposition to protect the taxpayer from repeated deficiency notices covering the same year or from uncertainty in the issues which he is called on to meet. If the Government proposes a greater deficiency under section 274(e), I believe the taxpayer is entitled to demand that the statute be strictly complied with and that it be construed strictly against the Government. He should not be left to infer the asserting of a claim from the general tenor of affirmative allegations of the amended answer.

In the proceedings under consideration the Commissioner has not asked directly for affirmative relief from his alleged error. He made no motion to increase the deficiency appealed from. Upon permission to amend the answers he incorporated affirmative allegations that he had erroneously allowed obsolescence. The prayer of his answer is that the proceedings be dismissed. He now asks us to hold that this allegation of error on his part constitutes the assertion of a claim for additional tax under the statute. With this I can not agree. In such a situation the taxpayer is entitled to shield himself behind every defense the law affords. The law has provided that a claim shall be asserted for the additional amount of tax. Considering the purpose and language of the statute, this provision would

seem to require an affirmative act of assertion. Nothing so vital to the rights of a taxpayer as the finding of a greater deficiency should be left to implication. The proper assertion of a claim is not a difficult task if directly essayed. A motion could have been made at any time during the hearing. On the other hand, to infer or imply the assertion of a claim in the instant cases will open the door to loose pleadings and place on the Board in other cases the burden of interpreting the mind of the Commissioner. The statute provides a simple procedure, and having failed to avail himself thereof, the Commissioner has no basis for complaint.

In my opinion respondent has not effectively or properly asserted a claim for the additional amount or addition to the tax as required by law.

LANSDON agrees with this dissent.