THE FIFTH AVENUE BANK OF NEW YORK, AS EXECUTOR OF THE ESTATE OF FREDERIC D. BELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69534. Promulgated June 6, 1935.

*James L. Dohr, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

### OPINION.

ARUNDELL: Our opinion deciding the issues raised in the pleadings in the above entitled proceeding was promulgated December 26, 1934, and is reported at 31 B. T. A. 945.

The matters now before us for consideration are as follows: (1) Respondent's proposed recomputation, (2) respondent's motion for reconsideration and revision of the opinion promulgated December 26, 1934, and (3) respondent's motion for leave to file a second amended answer.

The respondent determined a deficiency in income tax for 1930 in the amount of $6,645.22 and notified petitioner thereof by letter of January 4, 1933. Petition was filed January 26, 1933, and answer February 18, 1933. There were no further pleadings until January 19, 1934, when respondent, pursuant to leave granted at the trial on January 17, 1934, filed an amended answer. By the amended answer respondent alleged the correct deficiency to be $21,887.12 and asserted claim therefor.

The deficiency originally asserted was determined on the theory that under the reorganization provisions of the Revenue Act of 1928 only a part of the gain realized on the exchange of stock for stock and cash was to be recognized for tax purposes. The theory of the amended answer was that the reorganization provisions did not apply and that the entire gain was subject to tax. Both parties filed briefs, the last, petitioner's reply, being filed on March 17, 1934.

Up to this time both parties had proceeded upon the assumption that whatever gain the decedent, Bell, had realized on the exchange was a capital gain. Upon our consideration of the case it was discovered that, according to the stipulated facts, part of the stock received by Bell was issued to him as compensation for services in negotiating the exchange agreements and not in exchange for his Laboratories stock. It was at once apparent that, no matter what our holding on the exchange question might be, the amount of tax would be affected, inasmuch as the stock received for services would be taxable at normal and surtax rates as distinguished from the capital gain rate. This situation was called to the attention of both parties and they appeared at an informal hearing at which the matter was discussed in detail. Neither party took any action following this hearing. We thereafter proceeded to a further consideration of the case and promulgated our report on December 26, 1934. Our holding, in substance, was to deny the respondent's claim for an increased deficiency, our theory being that the exchange of stock for stock came within the reorganization provisions, and further that the increase in tax on account of the receipt of stock for services would not be redetermined as a deficiency in view of the respondent's failure to move for an increase on that ground.

On January 15, 1935, counsel for the respondent filed a proposed recomputation setting forth a deficiency in the amount originally asserted, $6,645.22. This proposal by notice dated January 17, 1935, was set down for hearing on February 6, 1935. On January 23, 1935, counsel for the respondent filed a motion for reconsideration, revision, and review by the Board. By order of the Chairman of January 28, 1935, this motion was denied in so far as it asked for review by the Board and was referred to Division No. 7 in so far as it asked for reconsideration and revision of the Division opinion. On February 2, 1935, counsel for the petitioner filed with the Board his written acquiescence in the respondent's proposed recomputation of January 15, 1935. By order of March 27, 1935, the respondent's proposed recomputation and his motion for reconsideration and revision of the Division opinion were set for hearing on April 17, 1935. On April 11, 1935, counsel for the respondent filed a motion for leave to file a second amended answer, attaching thereto the amended answer.

We shall consider first the motion for reconsideration and revision of the division opinion. The first matter questioned is the holding that the American Cyanamid Co. was a party to a reorganization and that there was no taxable gain to petitioner's decedent on the receipt of stock of that company in exchange for stock of the Lederle Antitoxin Laboratories. We are of the opinion that our holding in this respect was correct, and the motion, in so far as it is addressed to this phase of the case, will be denied.

Second, counsel for the respondent claims that we erred in refusing to find an increased deficiency. The argument is that the claim for an increased deficiency asserted by respondent in his first amended answer will support the increase resulting from the fact that Bell received part of the stock for services instead of in exchange for other stock as determined by the respondent. As above pointed out, the original determination and the first amended answer were both predicated on the theory of an exchange of stock for stock, and the question presented to us was whether the gain on the exchange was taxable or nontaxable. No claim was asserted for an increase based on the fact of receipt of stock for services, not even after the fact of such receipt was directly called to the attention of the parties. Respondent cites *Helvering* v. *General Utilities & Operating Co.*, 74 Fed. (2d) 972 (C. C. A., 4th Cir.), which is to the effect that the respondent's determination may be sustained on appeal on a ground other than that presented to the Board. Holding to the contrary, see *Helvering* v. *Brandeis & Sons*, 75 Fed. (2d) 487 (C. C. A., 8th Cir). Whatever may be the correct rule in that class of cases, it does not reach this case, for here the respondent is not asking for an affirmance of his determination, but is asking for an increase in the deficiency over and above the amount he determined. Section 274(e) of the Revenue Act of 1926 gives the Board jurisdiction to determine an increase in the deficiency " if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing." This we have construed to mean " that the prayer [for an increase] must have the support of specific claims in each case based on specific grounds." *Cascade Milling & Elevator Co.*, 25 B. T. A. 946. Cf. *Moise* v. *Burnet*, 52 Fed. (2d) 1071. We are accordingly of the opinion that the claim in the first amended answer for an increase asserted on the ground of a taxable exchange will not support the redetermination of an increase on the wholly different ground of receipt of stock for services. The respondent's motion of January 23, 1935, will accordingly be denied.

We take up next respondent's motion for leave to file a second amended answer. In the amended answer attached to the motion it is alleged that the exchange of stock for stock was a taxable trans-

action and that the value of the stock received as compensation constituted taxable income, and claim is asserted for the entire amount of the deficiency computed on those theories.

The rule relating to amendment of pleadings, Rule 17, provides in part:

Upon motion made, the Board may, in its discretion, at any time before the conclusion of the hearing, permit a party to a proceeding to amend the pleadings to conform to the proof.

In *Steele, Wedeles Co.* v. *Commissioner*, 83 Fed. (2d) 541, affirming 11 B. T. A. 279, the court sustained our refusal to allow the petitioner to amend at the hearing. The facts and the holding are set forth in the following excerpt from the opinion:

The action of the Commissioner in deducting $49,153.12 from invested capital as depreciation was not attacked by petitioner in its claim before the Board of Tax Appeals. At the hearing, however, leave was prayed so to amend as to include an attack upon this item. This motion the board denied as made too late. Apparently such action was not an abuse of discretion, for the record discloses that the Commissioner's determination of invested capital was made prior to May 28, 1926, when petitioner applied for redetermination. Almost a year later, during the hearing, petitioner sought to amend to attack this item. We believe denial under these circumstances within the discretion of the board.

In *Pierce Oil Corporation*, 30 B. T. A. 470, we said that the time limited by the words " conclusion of the hearing " in Rule 17 " cannot be said to extend beyond the time when the trial has been concluded and the briefs filed."

In the present case counsel for the respondent had abundant opportunity to ask leave to amend before the " conclusion of the hearing " and to assert claim for the additional deficiency now claimed " at or before the hearing." The agreed statement of facts, signed by counsel for both parties, was filed at the hearing, and it sets forth quite distinctly and beyond any possibility of misunderstanding the fact of Bell's receipt of stock as compensation for services. No reason is given for the failure to timely move to amend and assert claim in respect of the income on the receipt of stock as compensation, and we must assume that the respondent was not inclined to assert a claim for additional deficiency on that ground. As above pointed out, even after we called the matter to the attention of the parties, counsel for respondent made no move to have a redetermination based thereon. Whether or not a motion at that time would have been timely is not before us for decision.

Counsel for the respondent relies on cases in which taxpayers were allowed to amend so as to raise the issue of the statute of limitations on motions made after submission. In our opinion they are not in point. In *Alameda Park Co.* v. *Lucas*, 37 Fed. (2d) 805, and

*Geuder, Paeschke & Frey Co.* v. *Commissioner*, 41 Fed. (2d) 308, the motion to amend was filed before the opinion of the Board was handed down. In *Enameled Metals Co.* v. *Commissioner*, 42 Fed. (2d) 213, it appears that prior to the promulgation of the Board's report the taxpayer had advised the Commissioner that it intended to raise the limitations issue.

In view of what we have said above, it is our opinion that the respondent's motion for leave to amend is not timely and it will be denied.

Moreover, the respondent's motions, both that for reconsideration and review and that for leave to amend, are essentially attempts to raise a new issue on settlement under Rule 50. As pointed out above, the respondent's recomputation under Rule 50 was filed on January 15, 1935, and by notice of January 17 it was set for hearing. It was after that that respondent filed his motions. New issues may not be raised on settlement under Rule 50. *Bankers Pocahontas Coal Co.* v. *Burnet*, 287 U. S. 308.

The proposed recomputation filed by respondent has been assented to by counsel for petitioner. In view of the denial of respondent's motions, no change will be made in the recomputation and decision will be entered in accordance therewith.

Reviewed by the Board.

