WILLIAM E. BOEING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 94779, 95704. Promulgated June 2, 1942.

OPINION.

BLACK: These proceedings were consolidated and involve deficiencies in gift taxes which the Commissioner determined against petitioner in the amounts of $1,312.51 for the year 1936 and $1,312.50 for the year 1937. The deficiency in each case resulted from the

disallowance by the Commissioner of one of the two $5,000 exclusions claimed by the petitioner on his gift tax return filed for each of the taxable years.

The following statements taken from the record in Docket No. 94779, involving the year 1936, apply equally to both proceedings, and similar statements in Docket No. 95704, involving the year 1937, need not be printed.

The Commissioner explained his determination of the deficiency in the deficiency notice as follows:

> Two exclusions are claimed by you against the gifts placed in trust. However, inasmuch as it has been held by the Circuit Courts of Appeals in the cases of *Commissioner* v. *Wells*, 88 F. (2d) 339 and *Commissioner* v. *Krebs*, 90 F. (2d) 880, that a trust represents one beneficiary, only one exclusion therefor may be allowed. See also *Knox* v. *Commissioner*, 36 B. T. A. 630.

The petitioner by an appropriate assignment of error assailed the correctness of the Commissioner's determination.

The Commissioner's answer denied that he had erred as alleged in the petition, and raised no affirmative issue.

Following a hearing on the merits, the Board decided in petitioner's favor and held that there was no deficiency, basing its decision upon the ground that the two beneficiaries of the trust were the donees of the gift and not the trust itself, as the Commissioner had determined. The Commissioner thereupon petitioned for review by the United States Circuit Court of Appeals for the Ninth Circuit.

In his statement of points on review the Commissioner urged that the Board erred in failing to hold that the interests of the beneficiaries of the trust involved were future interests within the meaning of the statute and in failing to hold that under section 504(b) of the Revenue Act of 1932 no exclusions are permissible with respect to the gifts of insurance premiums made by the donor. In its opinion, see *Commissioner* v. *Boeing*, 123 Fed. (2d) 86, the court held that "The Board was right in rejecting the proposition of law advanced by the Commissioner" that the trust was the donee "person", but further held, on the authority of *Hormel* v. *Helvering*, 312 U. S. 552; and *Helvering* v. *Richter*, 312 U. S. 561, that "on the basis of the record before it it was wrong in holding that there were no deficiencies in taxes for the two years." In reaching its conclusion the court, among other things, said:

> * * * Under the very recent decisions in *United States* v. *Pelzer*, 312 U. S. 399, and *Ryerson* v. *United States*, 312 U. S. 405, it is clear that the gifts in the case before us were of future interests so far, at least, as concerns the proceeds and the income from the proceeds of the policies themselves. These mature only upon the death of the trustor. By the terms of the trust the trustee is to collect and invest all moneys "which may be due or become due" under the policies. The net income from invested funds received by the trus-

tee is to be distributed one-half to the wife and one-half to the son during their lives. In the event the wife does not survive the trustor, the entire trust is to be administered for the benefit of the son and his issue, if any; and conversely, if the son predeceases the trustor, leaving no issue, the entire corpus is to be transferred to the wife, or in the event of her prior death to two named beneficiaries or their issue. Other contingencies, not here material, are provided against. Clearly, the beneficiaries have no right to the present enjoyment of the policy proceeds, and they will never have that right unless they survive the trustor, or, in any event, unless they survive the possible lapse of the policies. Their use and enjoyment are "postponed to the happening of a future uncertain event", and the gifts thus import the difficulties which it was the purpose of Congress to avoid. *United States* v. *Pelzer,* supra, page 404.

After stating its view on the question of "future interests" in the part of its opinion just quoted, the court concluded by stating:

* * * Accordingly, the decision must be reversed and the cause remanded to redetermine or compute the deficiences. Since the applicability of the future interests provision of the statute was not considered and no issue was made in respect of it, opportunity should be given the taxpayer to present evidence on that issue if he so desires.

As the matter stands the Commissioner has assessed deficiencies based on an exclusion of $5,000 for each of the two years, although the taxpayer appears to be entitled to none. The Board of Tax Appeals is a body authorized by statute to operate under rules of its own adoption. Whether, in the light of its rules and of Sec. 272(e), (f) of the 1932 act, 26 U. S. C. A. Int. Rev. Acts, page 560, the Board may or should redetermine a greater deficiency than the amount of which notice has been given the taxpayer is a question which we have not considered and do not undertake now to decide. The question is not before us since no assertion of an additional deficiency has yet been made by the Commissioner in conformity with the statute.

Following its opinion which reversed the Board, the court issued its mandate. This mandate was filed with the Board November 29, 1941, and, omitting formal parts, reads as follows:

On Consideration Whereof, it is now here ordered and adjudged by this Court, that the decision of the said Board of Tax Appeals in this Cause be, and hereby is reversed, and that this cause be, and hereby is remanded to the said Board of Tax Appeals for further proceedings in harmony with the opinion of this court.

You, Therefore, Are Hereby Commanded that such further proceedings be had in the said cause in accordance with the opinion and judgment of this court, * * *

On December 11, 1941, the Commissioner filed a motion in which he moved that the Board:

(1) * * * vacate and set aside its report entered February 1, 1940, (2) * * * permit the respondent to file the attached amended answers claiming increases in the deficiencies as proposed in the deficiency notices dated May 13, 1938, and July 21, 1938, and (3) * * * grant the petitioner an opportunity to present evidence on the issue relating to the applicability of the future interests provision of the statute if he so desires.

On January 20, 1942, petitioner filed a reply to respondent's motion in which he stated among other things that he did not desire

to present evidence on the issue relating to the applicability of the future interests provision of the statute but would rely on the record as heretofore made. Petitioner also in his reply opposed the granting of respondent's motion to file amended answers asking for increased deficiencies. By direction of the Board both parties have filed their briefs in support of their respective contentions.

We construe the opinion and the mandate of the court, which we have quoted, to amount to a direction for a rehearing, the one issue upon rehearing to be that of future interests. If petitioner does not desire to offer any further evidence on that issue, that of course is his privilege. But his declination to offer any additional evidence should not foreclose the right of the Commissioner, by leave of the Board, to amend his answer at or before the rehearing and claim an increased deficiency. The burden of proof will of course be upon the Commissioner to establish his right to an increased deficiency after it is properly pleaded. See Rule 32, Board's Rules of Practice.

Section 513 (e) of Title III (relating to gift tax) of the Revenue Act of 1932 reads as follows:

(e) INCREASE OF DEFICIENCY AFTER NOTICE MAILED.—The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the donor, and to determine whether any additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

As we view the situation, the Commissioner has moved to amend his answer and ask for an increased deficiency before a "rehearing" within the meaning of the foregoing statute.

"Rehearing" in appellate practice is defined in Cyclopedic Law Dictionary, 3d Ed., as "a second consideration on further argument, given to a cause after decision."

As we have already stated, it seems plain to us that the court, in reversing and remanding these proceedings, has directed a rehearing at which the issue of "future interests" is to receive consideration. That is the very occasion and purpose of the reversal and remand of the Board's prior decision.

It is of course perfectly true that the Commissioner will get no increase in the deficiencies which he has already determined unless he asserts them in a proper pleading "at or before the rehearing." *Moise* v. *Burnet*, 52 Fed. (2d) 1071. The *Moise* decision clearly prohibits an increase in the deficiencies under the pleadings now on file. See also *Fifth Avenue Bank of New York, Executor*, 32 B.T.A. 701; affd., 84 Fed. (2d) 787; *John Gerber Co.*, 44 B. T. A. 26; *Cascade Milling & Elevator Co.*, 25 B. T. A. 946.

The Commissioner, however, by motion duly filed, seeks to file an amended answer in which by affirmative allegations he raises the

issue of "future interests" and in which he clearly and succinctly sets forth his grounds for an increased deficiency and, after setting forth these grounds, concludes as follows:

WHEREFORE, respondent respectfully prays that the deficiency claimed in his notice of deficiency be increased in accordance with the foregoing computation and now asserts a claim for such increase of deficiency as the statute in such a case provides.

We think respondent's motion to file his amended answer raising the new issue of "future interests" and asking for an increased deficiency is, under the circumstances existing in these proceedings, a timely motion.

Rule 19 of the Board's Rules of Practice provides in part as follows:

No motion for rehearing, further hearing, reconsideration or the like may, except by special leave of the Board, be filed more than 30 days after the opinion has been served; and no motion for vacation or revision of a decision may, except by special leave of the Board, be filed more than 30 days after the decision has been entered.

As we have already stated, we construe the opinion and mandate of the court as requiring us to rehear and reconsider these proceedings on the issue of "future interests" and therefore no motion that we do so is necessary from either party, and the foregoing language of Rule 19 is not applicable.

If we are in error, however, in concluding that the Ninth Circuit has itself directed a rehearing by the Board on the issue of future interests and that it is necessary for one of the parties to move for one, if any is to be had, then we think the motion which respondent has filed can reasonably be construed as a motion for rehearing, following the mandate of the court. This motion, coming twelve days after the mandate of the court was received by the Board, is, we think, a timely motion even though it does come more than 30 days after our prior opinion was entered and more than 30 days after our decision was entered pursuant to such opinion.

Furthermore, we think we have the power to grant it without violating any provision of Rule 19, *supra*, for the rule itself provides that a rehearing may be granted by "special leave of the Board" beyond the 30-day period fixed in the rule.

Wherefore, for the reasons herein above stated, an order will be entered granting respondent's motion for leave to file his amended answers lodged with the Board December 11, 1941, and the proceedings will be set for a rehearing in due course on the issue of "future interests."

The present opinion replaces and supersedes the opinion herein entered March 9, 1942 (published at 46 B. T. A. 492), which was.

by order of the Chairman dated March 27, 1942, referred to the Board for review.

Reviewed by the Board.

STERNHAGEN and HILL dissent.