Manuel M. Koufman and Charlotte Koufman, Petitioners
v. Commissioner of Internal Revenue, Respondent

Docket No. 8770–73.  Filed December 13, 1977.

*David R. Andelman,* for the petitioners.
*Amy Robertson Goldson,* for the respondent.

## OPINION

Simpson, *Judge:* On October 28, 1976, this Court filed its Memorandum Findings of Fact and Opinion in this case (T.C. Memo. 1976–330). Therein, we found that, inter alia, a $16,752 corporate distribution in 1968 by Koufman Construction Co. of Boston to the petitioners was a dividend under section 301 of the Internal Revenue Code of 1954.[1] However, we withheld entry of our decision to give the parties an opportunity to submit computations in accordance with Rule 155, Tax Court Rules of Practice and Procedure.[2] On July 19, 1977, we filed a Supplemental Memorandum Opinion (T.C. Memo. 1977–225), in which we decided, inter alia, that such distribution was not to be included in computing the petitioners' tax liability under Rule 155, because the Commissioner never claimed a deficiency with respect to such distribution either in the notice of deficiency or in his answer. Our decision was duly entered on July 19, 1977.

On August 18, 1977, the Commissioner filed a motion to vacate the decision, a motion for reconsideration and revision of opinion, and a motion for leave to file amendment to answer to conform to proof. These motions were accompanied by a supporting memorandum and a proposed amendment to the answer. The petitioners objected to such motions.

At this time, the issue to be decided is whether, after the decision has been entered, a motion by the Commissioner to amend his answer to claim an increased deficiency is timely under section 6214(a). Such section provided, in relevant part:

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.
[2] All references to a Rule are to the Tax Court Rules of Practice and Procedure.

(a) JURISDICTION AS TO INCREASE OF DEFICIENCY, ADDITIONAL AMOUNTS, OR ADDITIONS TO THE TAX.—Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the Secretary or his delegate at or before the hearing or a rehearing.[3]

The Commissioner takes the position that the phrase "at or before the hearing" includes the entire Tax Court proceeding and permits him to claim an additional deficiency at any time before the decision becomes final. See sec. 7481. As support, he relies upon *International Banding Machine Co. v. Commissioner*, 37 F.2d 660 (2d Cir. 1930), revg. 12 B.T.A. 1062 (1928); *Helvering v. Edison Securities Corp.*, 78 F.2d 85 (4th Cir. 1935), revg. 29 B.T.A. 483 (1933); *Commissioner v. Ray*, 88 F.2d 891 (7th Cir. 1937), revg. a Memorandum Opinion of this Court, cert. denied 301 U.S. 711 (1937); and *Henningsen v. Commissioner*, 243 F.2d 954 (4th Cir. 1957), affg. 26 T.C. 528 (1956). However, none of these cases requires us to adopt the Commissioner's position.

In *International Banding Machine Co. v. Commissioner, supra,* the Second Circuit held that the Board of Tax Appeals abused its discretion by denying the petitioner's motion to amend its petition to conform to the proof, when the motion was filed simultaneously with the petitioner's brief. The decision merely interpreted one of the Board's Rules of Practice and had nothing to do with the Board's jurisdiction to allow the Commissioner to amend his answer after a decision was entered.

*Helvering v. Edison Securities Corp., supra,* is also distinguishable. There, the Board decided one issue of the case on a theory not argued by the parties. The adoption of such theory supported an increased deficiency, and after the opinion was filed, but prior to the submission of a computation for entry of decision, the Commissioner filed a motion for a rehearing to claim an increased deficiency. The Board denied the motion. Subsequently, when the computation for entry of decision was submitted, the Commissioner filed a written claim to increase the deficiency. The Board denied the Commissioner's claim and

---

[3]This provision became law in 1926, as part of the Rev. Act of 1926, ch. 27, sec. 274(e), 44 Stat. 56. Since then, it has been reenacted without substantial change. The phrase "or his delegate" was stricken by sec. 1906(b)(13)(A) of the Tax Reform Act of 1976, 90 Stat. 1834.

entered a final decision. Under these circumstances, the Fourth Circuit held:

there seems to be no reason why the word "hearing" should not be given a significance broad enough to include the whole proceeding down to the final decision. * * * If this is done, a claim of increase may be made and considered with propriety, whether it is presented during the taking of the evidence or in the period allowed for oral arguments, or written briefs, or even subsequently during the hearing under rule 50; in short, at any time before or after the filing of the Board's findings of fact *until the decision and judgment of the Board has been entered* * * * [78 F.2d at 91; emphasis supplied.]

Yet, it should be emphasized that in such case, the Commissioner's claim for an increased deficiency was filed twice before the decision was in fact entered.

*Commissioner v. Ray, supra,* and *Henningsen v. Commissioner, supra,* reach the same conclusion. In *Ray,* the Seventh Circuit held that a claim for an increased deficiency made immediately after the opinion was filed, but before the computation for entry of decision was submitted, was made at or before the hearing, since the hearing was not completed until the computation for entry of decision was submitted to and approved by the Board. In *Henningsen,* the Commissioner moved to amend his answer well in advance of the date set for filing briefs. Under these circumstances, the Fourth Circuit reiterated its holding in *Helvering v. Edison Securities Corp., supra,* that the phrase "at or before the hearing" included any time in the proceeding prior to entry of the final decision. In short, the Commissioner cites no authority, and indeed there is none, for the proposition that the phrase "at or before the hearing" means that a claim for deficiency can be filed even after the entry of a final decision.

Next, the Commissioner argues that the claim for an increased deficiency will have been made at or before a rehearing if we grant his motion for a rehearing. The only basis for the motions to vacate the decision and for reconsideration and revision of the opinion is the Commissioner's assertion that he "should not be precluded from claiming an increased deficiency merely because such amount was not claimed in the notice of deficiency or answer." In essence, the Commissioner is arguing that he has an absolute right to present a claim for an increased deficiency at any time before the decision of the Court becomes final.

The Commissioner's argument overstates his rights. It is well settled that the Court cannot approve a deficiency unless the

Commissioner has made a claim therefor. *Moise v. Burnet*, 52 F.2d 1071, 1073 (9th Cir. 1931), revg. 13 B.T.A. 525 (1928); *Boeing v. Commissioner*, 47 B.T.A. 5, 8–9 (1942); *Drawoh, Inc. v. Commissioner*, 28 B.T.A. 666, 684–685 (1933); *Cascade Milling & Elevator Co. v. Commissioner*, 25 B.T.A. 946, 947–948 (1932). The courts have recognized that the Commissioner has no right to present such a claim at any time. *Commissioner v. Long's Estate*, 304 F.2d 136 (9th Cir. 1962); *Commissioner v. Erie Forge Co.*, 167 F.2d 71 (3d Cir. 1948), affg. a Memorandum Opinion of this Court; *Commissioner v. Fifth Avenue Bank of New York*, 84 F.2d 787 (3d Cir. 1936), affg. 32 B.T.A. 701 (1935). Section 7453 expressly authorizes this Court to adopt rules governing practice before it, and the Commissioner, like any other party before this Court, is required to conform to such rules (Rules 41 and 54). *Commissioner v. Long's Estate, supra; Commissioner v. Erie Forge Co., supra; Commissioner v. Fifth Avenue Bank of New York, supra.* In interpreting and applying such rules, the Court has broad discretion, and its decision will not be reversed unless it abuses such discretion. *Commissioner v. Long's Estate, supra; Commissioner v. Erie Forge Co., supra; Commissioner v. Fifth Avenue Bank of New York, supra.*

The litigation in this case has been protracted; yet, the Commissioner never presented his claim for an increased deficiency by reason of the distribution here at issue until the Court had entered its decision—not in the notice of deficiency, not in his answer, not during the trial of the case, not before the first opinion in the case, and not even during the hearing which led to the second opinion in the case. After the decision was entered, he realized his mistake and then sought to correct it by asking us to vacate that decision and allow him to file a claim for the increased deficiency. In our judgment, he waited much too long to present such claim. There are no circumstances which excuse the delay. This Court has an extraordinarily heavy volume of cases, and in many of them, the Court decides an issue against one of the parties because of his failure to carry his burden of proof or to perform some other act. If the Court granted a second chance to every party who lost because of his failure to act in some manner, the Court clearly could not keep abreast of its work. In effect, we would be telling the parties that if they were not satisfied with the first decision, try again. However, on previous occasions, we have denied a petitioner's

motion to vacate the decision and reconsider the opinion where the only basis for these motions was the petitioner's unexcused failure to raise certain issues earlier. *Robin Haft Trust v. Commissioner*, 62 T.C. 145 (1974), vacated and remanded on other grounds 510 F.2d 43 (1st Cir. 1975); *Pierce Oil Corp. v. Commissioner*, 30 B.T.A. 469 (1934). We will not treat the Commissioner differently. There has to be a point at which the Commissioner is bound by his pleadings if tax controversies are to be expeditiously resolved, and we have already passed that point.

*An appropriate order will be issued.*