THE CHRONICLE PUBLISHING COMPANY AND SUBSIDIARIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chronicle Pub. Co. v. Commissioner
Docket No. 18740-90
United States Tax Court
T.C. Memo 1992-45; 1992 Tax Ct. Memo LEXIS 50; 63 T.C.M. (CCH) 1899; T.C.M. (RIA) 92045; January 27, 1992, Filed *50 An appropriate order will be issued denying petitioner's motion for reconsideration. Robert C. Livsey, for petitioner. Ann M. Murphy, for respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION This case is before us on petitioner's motion for reconsideration and revision of our opinion, 97 T.C. 445 (1991). In that opinion, we directed our attention, in accordance with the arguments of the parties, to the issue of whether petitioner's clipping library fell within the category of "a letter or memorandum, or similar property" specified in section 1221(3)[1] so as to constitute ordinary income property subject to the limitation of section 170(e)(1)(A). We held that it did fall within such category on the ground that it was a "corporate archive" under section 1.1221-1(c)(2), Income Tax Regs., and also rejected petitioner's contention that section 1221(3) did not apply to corporations.
*51 Petitioner's motion for reconsideration rests upon the contention that the clipping library is "property eligible for copyright protection" and is therefore similar to a copyright under section 1.1221-1(c)(1), Income Tax Regs. Petitioner therefore argues that the clipping library does not constitute an ordinary income asset because petitioner is not "a taxpayer whose personal efforts created such property" under section 1221(3)(A). Respondent objects to petitioner's motion on the ground that it raises a new issue which would require the submission of additional facts either by way of stipulation or trial. We stated in Alexander v. Commissioner, 95 T.C. 467, 469 (1990): It is the policy of this Court to try all the issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. The granting of a motion for reconsideration rests within the discretion of the Court, and will not be granted unless unusual circumstances or substantial error is shown. Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986).
Petitioner's motion clearly does not meet this standard. There is no suggestion that all of the facts to establish *52 petitioner's present position were not available at the time the issue in respect of the clipping library was submitted fully stipulated under Rule 122. Nowhere in petitioner's briefs in the earlier proceeding is there any reference to its present substantive contention or to the possible application of section 1221(3)(A) or section 1.1221-1(c)(1), Income Tax Regs. Furthermore, the case which petitioner cites in support of its motion, Transamerica Corp. v. United States, 15 Cl. Ct. 420 (1988), was cited by petitioner in its earlier brief but for a totally different purpose. We think it clear that the submission of additional facts by way of stipulation or trial would be necessary in order for us to resolve the substantive issue raised by petitioner. Indeed, petitioner itself recognizes that this is the case when it asks us to reconsider and revise our opinion "with or without further trial". In this connection, we are aware that other issues remain to be tried. However, we think that this fact is irrelevant, since the legal issue, disposed of in our opinion, was severed from the other issues with the agreement of the parties. The severed issue must, therefore, *53 stand on its own feet. Under the circumstances herein, we think it was incumbent on petitioner, as a foundation for the issue it now seeks to raise, to have attempted to obtain an augmented stipulation of facts to accompany the Rule 122 motion or to insist on a trial. The long and short of the matter is that petitioner, not being satisfied with our decision, wants to try again. This we are not prepared to let petitioner do. See Koufman v. Commissioner, 69 T.C. 473, 476-477 (1977). See also Chiquita Mining Co. v. Commissioner, 148 F.2d 306, 310 (9th Cir. 1945). An appropriate order will be issued denying petitioner's motion for reconsideration. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩