T.C. Memo. 1997-152

UNITED STATES TAX COURT

PAMELA O'ROURKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6575-95.                    Filed March 24, 1997.

<u>Kevin J. Mirch</u>, for petitioner.

<u>David W. Sorensen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined additions to petitioner's 1982 Federal income tax as follows:

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

| | Additions to Tax | | |
|---|---|---|---|
| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 |
| 1982 | $321 | 50 percent of the interest due on $6,426 | $643 |

The issues for decision are: (1) Whether the notice of deficiency was issued after the period of limitations for the assessment and collection of taxes for petitioner's 1982 tax year expired; and (2) whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) and section 6661 for the 1982 tax year.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Reno, Nevada, at the time she filed her petition.

FINDINGS OF FACT

During 1982, petitioner worked for Cal-Sierra Financial Services, and also for Spectra Financial Network (Spectra), a financial planning company. Spectra was involved in the marketing of limited partnership interests in Barbados #6 Ltd. (Barbados). Petitioner invested in Barbados on the recommendation of her then-boss, Kent Maerki.[2] On her 1982 Federal income tax return, petitioner reported a $21,676 Schedule

---

[2]Mr. Maerki was not an attorney or a C.P.A., and no evidence was offered regarding his professional credentials or his knowledge of the Barbados venture.

E loss attributable to her investment as a limited partner in Barbados.

OPINION

Respondent's determinations, contained in the notice of deficiency, are presumed correct, and petitioner bears the burden of proving otherwise.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

<u>1.  Statute of Limitations</u>

The notice of deficiency was issued to petitioner on February 3, 1995, for additions to tax associated with petitioner's distributive share of partnership items.  Respondent determined that petitioner is liable for additions to tax provided in sections 6653(a) and 6661(a).  Petitioner contends that she is not liable because, having filed her 1982 Federal income tax return on October 19, 1983, the 3-year statutory period of limitations provided in section 6501 expired before issuance of the notice of deficiency.

Under the general rule set forth in section 6501, the Secretary is required to assess the tax within 3 years after the taxpayer's return is filed.  Sec. 6501(a).  In the case of the tax imposed on partnership items, however, section 6229 sets forth special rules to extend the period of limitations prescribed by section 6501.  See sec. 6501(o).

Section 6229(a) provides that the period for assessing income tax attributable to a partnership item (or affected item) for a partnership taxable year shall not expire before 3 years

after the later of (1) the date the partnership return for such year was filed or (2) the last day for filing such return for such year (without regard to extensions).[3] However, section 6229(d) provides that the mailing of a final partnership administrative adjustment suspends the running of the 3-year limitations period for the period during which an action may be brought under section 6226 (and, if an action is brought, until the decision of the court has become final) and for 1 year thereafter.

The stipulation of facts includes a copy of the decision entered regarding Barbados, which is dated December 6, 1993. Under section 6229(d)(2), the running of the 3-year period of limitations for assessing a deficiency attributable to a 1982 partnership item was suspended for 1 year after the date the decision entered on December 6, 1993, became final. The decision became final no earlier than March 6, 1994 (90 days after it was entered). Secs. 7481(a)(1), 7483. The notice of deficiency was issued to petitioner on February 3, 1995. Consequently, the notice of deficiency relating to the affected items (the additions to tax) was timely issued.

## 2. Negligence

Section 6653(a)(1) imposes an addition to tax if any portion of an underpayment is due to negligence or intentional disregard

---

[3]The additions to tax determined by respondent are affected items. Sec. 301.6231(a)(5)-1T(d), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).

of rules or regulations. Section 6653(a)(2) imposes an addition to tax in an amount equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence.

Negligence is defined as the failure to exercise the due care that a reasonable and ordinarily prudent person would employ under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Thus, to avoid imposition of the addition to tax, petitioner must prove that her actions in connection with the loss from the Barbados venture were reasonable in light of her experience and the nature of the investment. See Henry Schwartz Corp. v. Commissioner, 60 T.C. 728, 740 (1973); Lucas v. Commissioner, T.C. Memo. 1995-341.

Petitioner offered very little evidence to refute respondent's determination of negligence. The only evidence in the record regarding petitioner's evaluation of the investment consists of her testimony that she read certain "documents" and that she relied on the recommendation of Mr. Maerki. No prospectus or offering memorandum was introduced, no evidence of the nature of the investment was offered, and no witnesses save for petitioner testified at trial. Petitioner asserted in her petition that she was not negligent because she "acted under advice of counsel in the preparation of the return", yet she offered no evidence to support this assertion.

Based upon the record in this case, we find that petitioner has not overcome respondent's determination of negligence. We

therefore sustain respondent's determination that petitioner is liable for the additions to tax under section 6653(a)(1) and (2) for the 1982 tax year.

## 3. Section 6661 Addition to Tax

In the notice of deficiency, respondent determined the section 6661 addition to tax at a rate of 10 percent of the underpayment for that year. As originally enacted, section 6661 provided for an addition to tax of 10 percent of the amount of any underpayment attributable to a substantial understatement of income tax liability, applicable to returns due after December 31, 1982. Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 323, 96 Stat. 324, 615. In 1986, Congress amended section 6661(a) and provided for an addition to tax of 25 percent, where the assessment is made after October 21, 1986. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1874, 1951; see also Pallottini v. Commissioner, 90 T.C. 498 (1988). Although respondent correctly refers to the rate of the addition as 25 percent in her synopsis of legal authorities in her trial memorandum, she made no mention of the discrepancy between this rate and the 10 percent rate used in the notice of deficiency, and has not sought to amend the pleadings to assert an increase.

Section 6214(a) grants this Court jurisdiction to determine a deficiency or addition to tax larger than that stated in the notice of deficiency, if respondent claims the increased amount

"at or before the hearing or a rehearing."  We may not, however, determine a greater deficiency where respondent has not pleaded an increased deficiency.  Moise v. Burnet, 52 F.2d 1071, 1073 (9th Cir. 1931), revg. 13 B.T.A. 525 (1928); Estate of Petschek v. Commissioner, 81 T.C. 260, 271-272 (1983), affd. 738 F.2d 67 (2d Cir. 1984); Koufman v. Commissioner, 69 T.C. 473, 475-476 (1977).

In the instant case respondent has not specifically addressed the issue and has not requested an increase in the addition to tax under section 6661.  In these circumstances we cannot conclude that respondent has asserted a claim for the increased amount as required by section 6214(a), nor that the issue has been tried by consent of the parties within the meaning of Rule 41(b)(1).  Thus, we shall apply the addition, if determined to be applicable, at the rate set forth in the notice of deficiency.

Section 6661(a) provides that an addition to tax is imposed on any underpayment attributable to a substantial understatement of income tax.  Petitioner bears the burden of proving that she is not liable for this addition to tax.  Rule 142(a); King's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 517 (1992).

An understatement is substantial if it exceeds the greater of 10 percent of the amount required to be shown on the return for the taxable year or $5,000.  Sec. 6661(b)(1).  An

understatement is the amount by which the amount required to be shown on the return exceeds the amount actually shown on the return. Sec. 6661(b)(2). Petitioner's case meets this threshold requirement.

Petitioner admitted in her petition that Barbados was a tax shelter. Thus, the adequate disclosure exception of section 6661(b)(2)(B)(ii) does not apply. Sec. 6661(b)(2)(C). Moreover, even if Barbados was not a tax shelter, petitioner does not qualify for the adequate disclosure exception because she has not shown that she provided sufficient information on her return to enable the Commissioner to identify the potential controversy involved.

If, however, a taxpayer has substantial authority for the tax treatment of a tax shelter item on her return and reasonably believed her tax treatment of the item was more likely than not the proper tax treatment, the understatement is reduced by the amount attributable to such item. Sec. 6661(b)(2)(B)(i). The only evidence in the record concerning petitioner's evaluation of the economic aspects of the partnership is her testimony that she "overlooked their documents" and relied on Mr. Maerki's recommendation. In short, petitioner presented insufficient evidence to show that she or her adviser made the kind of independent factual analysis of Barbados that would enable her to formulate a reasonable belief as to the tax treatment of the item and to determine whether the claimed loss was more likely than

not the proper tax treatment.  Accordingly, we hold that petitioner is liable for the section 6661 addition to tax (as determined by respondent using the 10 percent rate) for the 1982 tax year.

   To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.